**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-against-**　　　　　　　　　　　　　　　　　**3:18-CR-0321**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(TJM)**
**MAXIMILIEN R. REYNOLDS,**

           **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.　INTRODUCTION**

　　Defendant Maximilien R. Reynolds moves pursuant to 18 U.S.C. §§ 3145(b) and (c) for an Order revoking or amending the December 10, 2018 Order of the Hon. Daniel J. Stewart, United States Magistrate Judge, which denied Defendant's application for release on bail pending sentencing. For the reasons that follow, Defendant's motion is denied.

**II.　STANDARD OF REVIEW**

　　A defendant detained by a magistrate judge may move before the district court for revocation or amendment of the detention order. *See* 18 U.S.C. § 3145(b); *United States v. Morrison*, No. 16-MR-118, 2016 WL 7421924, at *1 (W.D.N.Y. Dec. 23, 2016). The standard of review is *de novo*. *United States v. Minnici*, 128 Fed. Appx. 827, 828 n.1 (2d Cir. 2005) (Summary Order) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)); *see United States v. Vasconcellos*, 519 F. Supp.2d 311, 314 (N.D.N.Y. 2007); *United States*

1

*v. Aref*, 2006 WL 1650660, *1 (N.D.N.Y. Jun. 8, 2006). When conducting this review, "the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence." *United States v. Parker*, 65 F. Supp. 3d 358, 362 (W.D.N.Y. 2014)(citation omitted). The standard permits a district judge, in the exercise of sound judicial discretion, to rely upon the magistrate judge's factual and legal conclusions. *Vasconcellos*, 519 F. Supp.2d at 314.

**III.    BACKGROUND**

The Court adopts the background facts leading up to Defendant's guilty pleas as set forth by Magistrate Judge Stewart in his December 10, 2018 Memorandum-Decision and Order (Dkt. No. 57) ("Order"). *See* Order, at 2-5. On November 13, 2018, Defendant waived indictment and, pursuant to a plea agreement, pled guilty to violating 18 U.S.C §§ 922(a)(6) and 2(b) by willfully causing another person to knowingly make a false and fictitious written statement intended to deceive a firearms dealer with respect to a fact material to the lawfulness of the sale of a Savage MSR-15 Patrol Rifle (Count I); and to violating 26 U.S.C. § 5861(d) by knowingly possessing firearms, specifically a silencer, a destructive device, and a Savage MSR-15 Patrol Rifle with a barrel less than 16 inches in length, none of which were registered to him in the National Firearms Registration and Transfer Record (Count II). S*ee* 11/13/18 Minute Entry; Dkt. No. 35 (Information); Dkt. No. 36 (Plea Agreement).

Upon pleading guilty, Defendant moved to be released from detention under an extensive release plan which would involve private secure transport; inpatient treatment at two separate out-of-state private residential facilities; high bail; and electronic monitoring.

Schlather Aff. (Dkt. No. 30-1) at ¶¶ 24-28.  The impetus behind the application is so Defendant could receive appropriate mental health care prior to the imposition of a sentence. *See* Order, at 5; *see also* Def. Mem. L. (Dkt. No. 51-3) at 14 ("The point is, release and treatment now will allow the defendant to demonstrate to the court over the next several months that he is compliant and is on a trajectory to restoration of health and socially acceptable behavior-- the true Max Reynolds.").  While the record reflects that on two occasions officials at the Albany County Correctional Facility (ACCF), where Defendant is currently confined, failed to provide him with his medications causing his mental health to rapidly deteriorate, the record also reflects that ACCF officials are currently providing consistent treatment and allow Defendant to receive biweekly private mental health treatment.  As Magistrate Judge Stewart concluded:

> There is no question that Defendant is in need of significant mental health treatment and appropriate medication. He is receiving that medication now, and has apparently also benefitted by the biweekly counseling sessions provided by Defendant's family, and accommodated by the detention facility. With that assistance he has not only been determined to be competent, but has had no disciplinary difficulties at the Albany County Correctional Facility whatsoever. Govt's Resp., Exhibit 12. There appears to be no dispute that Defendant's mental health condition has greatly improved since he was incarcerated.

Order, at 15-16.

Magistrate Judge Stewart denied Defendant's application for release, finding "in light of the inherently dangerous activity that Defendant engaged in and the risk that he poses to society if he goes untreated, or absconds, I do not believe that the conditions at the proposed treatment facilities would be sufficient to secure Defendant, and thus reasonably assure the safety of the community." *Id.* at 18.  In making this decision, Magistrate Judge Stewart found that Defendant's conviction for violating 26 U.S.C. § 5861(d) (Count II)

constituted a crime of violence under the Bail Reform Act, thereby triggering 18 U.S.C. § 3143(a)(2), a more burdensome standard for Defendant to satisfy than if no crime of violence was involved. *Id.* at 8-14.  Magistrate Judge Stewart found that Defendant failed to satisfy his burden of demonstrating that he would not be a danger to the community if released.  He therefore declined to reach the question of whether Defendant could be released under the "exceptional reasons" provision of 18 U.S.C. § 3145(c).[1]  *Id.* at 18, fn. 7 (citing *United States v. Luciano*, 108 F.3d 1370 (2d Cir. 1997) (requiring a finding that Defendant poses no risk to community as predicate to consideration of exceptional reasons exception in section 1345(c)); *United States v. Lippold*, 175 F. Supp. 2d 537, 539 (S.D.N.Y. 2001) (same)).  Magistrate Judge Stewart also noted that if had reached the issue, he would not have found Defendant's circumstances amounted to exceptional reasons under § 3145(c). *Id.*

On the instant motion, Defendant argues that (1) his § 5861(d) offense is not a crime of violence under the Bail Reform Act; and (2) even if it is, he nevertheless may be released pending sentencing pursuant to the exceptional reasons provision of § 3145(c).  In addition, Defendant asserts through counsel that "Mr. Reynolds has taken steps to remedy the deficiencies found by the Magistrate with respect to the facility proposed for Mr. Reynolds' confinement if released on bail pending sentencing."  Def. Mem. L. (Dkt. No. 51-3) at 11. Based on a supplemental affidavit from one of his attorneys, Defendant contends that this facility

---

[1]Section 3145(c) provides that "a person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c),

>has agreed to provide inpatient treatment to Mr. Reynolds in a locked facility for twelve to sixteen weeks, and in any event will not release Mr. Reynolds, or alter his lockdown status, at any time unless and until the Court or its designee has authorized this. In addition, [this facility] has agreed that it will notify the Court or its designee if and when Mr. Reynolds even requests to be released for the facility, and will hold him until the Court directs otherwise.  Mr. Reynolds is in agreement with these conditions and will sign all necessary authorizing documents. [This facility] will provide a locked, secure environment, which includes 24/7 locked doors, camera surveillance, security guards, continuous attention and monitoring by staff, and other security measures.

*Id.*, at 11-12 (citing Stern Supp. Aff., at ¶¶ 6-7).

## IV.   DISCUSSION

Assuming *arguendo* that a violation of 26 U.S.C. § 5861(d) is not a crime of violence under 18 U.S.C. § 3156(a)(4),[2] the Court nevertheless finds that there is a not a sufficient reason to release Defendant to a private treatment facility pending sentencing.  While the Court should employ the categorical approach in determining whether a violation of § 5861(d) constitutes a crime of violence under § 3156(a)(4), *see Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004); *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006), *cert. denied* 552 U.S. 1037 (2007); *see also United States v. Dillard*, 214 F.3d 88, 92 (2d Cir. 2000)(assuming without deciding that a categorical approach applied under § 3156(a)(4)), no such approach is required under 18 U.S.C. § 3143(a)(1).[3]  Defendant's history of non-compliance with his mental health treatment, his drug use, and his actual and attempted

---

[2] The Bail Reform Act defines a "crime of violence" as "(A) an offense that has as an element . . . the use, attempted use, or threatened use of physical force against the person or property of another; (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or (C) [certain specified sex offenses]." 18 U.S.C. § 3156(a)(4).

[3] Where no "crime of violence" is involved and where the guidelines recommend imprisonment, the defendant bears the burden of proving "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).

amassing of an arsenal of dangerous weapons, a cache of ammunition, and items indicative of an assault plan lead to the conclusion that Defendant presents a danger to the community if he absconds during transport or from the proposed facility. Although the proposed facility may provide better treatment than Defendant is presently receiving, his present treatment is not woefully inadequate. Defendant cites no authority for the proposition that release under 3143(a)(1) is intended to provide a defendant with the best available treatment in the interim between pleading guilty and the sentencing hearing, or to allow a defendant to prepare for sentencing. The Court finds that in light of the risks associated with Defendant absconding during the release plan, Defendant fails to satisfy his heavy burden of demonstrating that, if released, he would not pose a danger to the safety of any other person or the community. *See United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018)("The district court did not err in finding that Scali had failed to meet his heavy burden to rebut, by clear and convincing evidence, the presumption in favor of detention pending sentencing.").

In an effort to ameliorate any negative affects Defendant may experience from his current mental health treatment, the Court has determined to expedite Defendant's sentencing hearing. The United States Probation Office advises that it disclosed the initial Presentence Investigative Report on January 28, 2019, making objections due on February 11, 2019. The Probation Office also indicates that upon timely receipt of objections, a final Presentence Investigative Report could be prepared within 1-3 days. Under the totality of the circumstances presented here, Defendant's sentencing hearing is moved to February 19, 2019 at 10:00 A.M. in Albany, New York. The parties' sentencing memoranda and other sentencing materials must be filed with the Court by 3:00 P.M. on February 15, 2019.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion (Dkt. Nos. 50 & 51) to revoke or amend Magistrate Judge Stewart's December 10, 2018 detention order is **DENIED.**

Further, Defendant's sentencing hearing is moved to February 19, 2019 at 10:00 A.M. in Albany, New York. The parties' sentencing memoranda and other sentencing materials must be filed with the Court by 3:00 P.M. on February 15, 2019.

**IT IS SO ORDERED.**

Dated: January 30, 2019

Thomas J. McAvoy
Senior, U.S. District Judge